UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald Powell, #10533-021, | ) C/A No: 2:05-2350-GRA-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Liz Carson, Unit Manager, FCI Estill, | ) |
| Defendant. | ) |

The plaintiff is incarcerated at F.C. I.- Estill. According to the complaint, the defendant, a Unit Manager at F.C. I.- Estill, failed to have the plaintiff present for a court hearing which the plaintiff planned to participate in via teleconference. Plaintiff alleges the defendants failure to have him present for the teleconference resulted in a violation of his Equal Protection and Due Process rights. Plaintiff also alleges the defendant "directly caused, inflicted and effected emotional distress, pain, suffering and intentional injury" upon him. He seeks damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is

charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

The undersigned is treating this civil action as a Bivens action. *See* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 62 U.S.L.W. 4446, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994). *See also* Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 & n. 2 (4th Cir. 1987), *cert. denied*, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

The complaint, with attachments, reveals that the Plaintiff has not exhausted available

administrative remedies. Such exhaustion is required by the PLRA, specifically 42 U.S.C. § 1997e(a) which provides: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held this to be a mandatory provision which "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *See* Porter v. Nussle, 534 U.S. 516 (2002).

The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his or her confinement. *See* 28 C.F.R. § 542.10, *et. seq..* After informal attempts to resolve the matter with staff have failed (sometimes referred to as a Form BP-8), the plaintiff must present his claims to the Warden of the Federal Correctional Institution in Estill. using a Form BP-9. *See* 28 C.F.R. § 542.13(b). If necessary, the plaintiff must appeal that determination to the Regional Director of the Federal Bureau of Prisons using a Form BP-10, and, if necessary, to the Office of General Counsel using a Form BP-11. *See* 28 C.F.R. § 542.15.

A response to the BP-9 shall be made within twenty (20) days at the institutional level; thirty (30) days for the Regional Director; and forty (40) days for General Counsel. 28 C.F.R. § 542.18. If full extensions are granted at every level, the exhaustion procedure could require one hundred eighty (180) days.

Prior to 1996 a federal prisoner asserting a Bivens claim was required to exhaust his or her administrative remedies only if the prisoner was seeking injunctive relief. McCarthy v. Madigan, 503 U.S. 140, 112 S. Ct. 1081, 117 L.Ed.2d 291 (1992). The McCarthy case interpreted 42 U.S.C. § 1997(e) (a/k/a CRIPA, Civil Rights of Institutionalized Persons Act) to require exhaustion of administrative remedies only by state prisoners seeking relief pursuant to 42 U.S.C. § 1983. Since

the plaintiff in McCarthy was seeking monetary damages for his claims, the court held that the plaintiff did not have an available administrative remedy to exhaust.[1]

CRIPA was amended by the Prison Litigation Reform Act (PLRA). Specifically the Act provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other federal law*, by a prisoner confined in any jail, prison, or other correction facility until such Administrative remedies as are available are exhausted. (emphasis added).

42 U.S.C. § 1997(e).

As a result, several courts have determined that the PLRA overruled McCarthy, *supra*.

In Fortes v. Harding, 19 F.Supp.2d 323 (M.D. Penn. 1998), a federal prisoner brought a Bivens Action seeking injunctive relief against prison officials whom he alleged were interfering with his ability to appeal his conviction. The court noted that the PLRA made no distinction between an action for damages, injunctive relief, or both, and dismissed the case for, among other things, the failure to exhaust his federal administrative remedies. Fortes @ 325. *See also* Odumosu v. Keller, 1999 WL 421026 (N.D.N.Y. 1999)(based on legislative history, best interpretation of 1997(e) is one which requires exhaustion even where an inmate only seeks relief which cannot be obtained through administrative procedures).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v.

---

[1] The Administrative Remedy Program (ARP) established by the Bureau of Prisons does not authorize prison officials to grant monetary and declaratory relief. 28 C.F.R. § 542.10. Thus, a federal prisoner who was seeking monetary and declaratory relief did not have an available administrative remedy. Garrett v. Hawk, 127 F. 3d 1263, 1266 (10th Cir. 1997).

Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and "new" 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal]. The plaintiff's attention is directed to the important notice on the next page.

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
Date 9/28/05

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
