UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Reginald Powell, #10533-021,<br><br>                          Plaintiff,<br><br>      v.<br><br>Liz Carson, Unit Manager, FCI Estill,<br><br>                          Defendant. | C/A No. 2:05-2350-GRA-RSC<br><br>**ORDER**<br>(Written Opinion) |

      This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed September 28, 2005. The magistrate has treated Plaintiff's claim as a *Bivens* action. The magistrate recommends dismissing the complaint without prejudice and without issuance and service of process.

      Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

      The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file objections to the Report and Recommendation.

The magistrate recommends dismissing Plaintiff's case because he had not exhausted his administrative remedies. After a review of the magistrate's Report

and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety. As a result, thE Plaintiff's complaint is dismissed for failure to exhaust federal prison remedies. 42 U.S.C. § 1997e(a).

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
November   2  , 2005

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.